## Schmuck v. Heilman.

*John A. Hoober,* for plaintiff; *George Hay Kain,* for defendant.

NILES, P. J., Dec. 3, 1930.—In this action of trespass plaintiff's statement alleges facts regarding which there was evidence as follows:

April 23, 1928, plaintiff fell and was rendered unconscious and was put into a taxicab of the defendant operating as a common carrier to be taken to his home.

On the way the plaintiff in his unconscious condition was jolted from the seat to the floor of the taxi, falling upon a heater with which it was equipped.

Plaintiff's companion asked the driver of defendant's taxi to help lift the plaintiff from the heater, which help was refused.

Defendant's agent, the driver of the taxi, refused to drive him to his home because of his refusal to pay his fare, and took him to the city lockup, where he was imprisoned overnight.

While in an unconscious state, plaintiff was resting upon the heater in the taxi.

The case was submitted to the jury upon the theory that defendant's obligation was that of a common carrier to exercise the highest degree of practicable care and skill in the performance of transportation of his passenger, and that if injuries result to a passenger from defects which could have been avoided by the exercise of the highest care and diligence regarding the machinery furnished, the carrier is liable.

The jury was instructed that whether the plaintiff was paralyzed by drink or by the blow upon his head when he was accepted as a passenger in the taxi makes little difference regarding defendant's legal obligation to him.

It was the driver's duty to give him that degree of attention which his helpless condition required. Whether the driver recklessly exposed the plaintiff to danger against which, because either of his intoxication or his falling, he was unable to guard, and whether that exposure was the proximate cause of his burns, was the question submitted for decision of the jury.

Upon review of the record and after hearing the argument of counsel we are persuaded that there was not sufficient evidence upon which the case should have been submitted to the jury, and that defendant's request for binding instructions should have been affirmed, and that now he is entitled upon the whole record to judgment n. o. v.

There was no evidence that the heater in the taxi was defective in any way. There was uncontradicted, positive evidence that it was of the best and safest construction in general use, and that neither before nor after the plaintiff had been in the taxi the condition of the heater was such as could have produced the injury complained of.

The only testimony on the subject was:

Plaintiff testified that after drinking the liquor in Cherry Alley he fell and was unconscious until he found himself in the city lockup, when he said his left leg hurt and was all red, bloodshot and burned awful, and he had a lump on his head. This was at 8.30 o'clock at night, several hours after he had been in the cab.

Plaintiff was first seen by a physician, Dr. T. A. Lawson, on April 25, 1928. The doctor found that plaintiff was burned.

Lloyd Eberly, plaintiff's companion, testified: "There was a heater in there about two feet long, I suppose, and stands out of the floor about 3 or 4 inches, and he was right laying on this heater, and it was not a very comfortable position, and it was really rather warm in the car."

Plaintiff lay on the heater probably about 45 minutes in an unconscious condition. When the taxi bill was not paid, the driver took the plaintiff back from Red Lion to the York City Hall, which consumed another 45 minutes, during which time he was on the heater.

Mrs. Amanda Schmuck, plaintiff's wife, testified that when he left home on the morning of April 23, 1928, he was perfectly all right. The next day, about 9 o'clock in the evening, she found a kind of lump on the back of his head and the condition of his body from the hip to the knee. She sent for the doctor the next day, April 25th.

James M. Smith saw the plaintiff in the taxicab at Red Lion between 5 and 6 o'clock in the evening of April 23, 1928. On opening the door, he said: "It is pretty hot in there—it is pretty hot in this taxi." Plaintiff was lying on the floor of the taxi. Smith said he tried to talk to him and he could not; "and I got his pocketbook out of his pocket and he had $2 in there, and I gave that to the taxi driver."

John E. Gohn saw the plaintiff in the taxi at the same time as James M. Smith.

There was no effort made at the trial to exclude the possibility that some outside agency had caused plaintiff's alleged injuries. Plaintiff was in defendant's taxicab for less than two hours. He was unconscious in the lockup for four hours thereafter, and he appeared to his wife twenty-four hours thereafter complaining of the burns.

The case is barren of any evidence that the so-called heater, either before or after, or while the plaintiff was in contact with it on the floor of defendant's cab, was in any way out of order, or was hot, or did or could have cooked or burned plaintiff's flesh.

The circumstances leave open the reasonable probability of the injury being caused by some other agency than any for which the defendant was responsible.

The conclusion that plaintiff's injury was the result of contact with the so-called heater, in the absence of evidence that there was anything wrong with it or that it burned the plaintiff or was hot enough at any time to burn anybody or anything, would amount to no more than a guess.

A review of the evidence shows no basis for plaintiff's motion for new trial.

And now, to wit, Dec. 3, 1930, plaintiff's motion for new trial filed Sept. 17, 1930, is refused and the rule issued thereon discharged; defendant's motion for judgment *non obstante veredicto* filed Sept. 17, 1930, is granted and the rule issued thereon is made absolute; judgment is entered upon the whole record against the plaintiff and in favor of the defendant *non obstante veredicto;* and an exception is granted to the plaintiff and to the defendant to the court's action in these regards.          From George Hay Kain, York, Pa.